UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA DRUMM, Individually and for Others Similarly Situated | **Case No.** _____ |
| v. | Jury Trial Demanded |
| BELLE FOUNTAIN NURSING & REHABILITATION CENTER, INC. | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

# ORIGINAL COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Jessica Drumm (Drumm) brings this collective action to recover unpaid overtime and other damages from Belle Fountain Nursing & Rehabilitation Center, Inc. (Belle Fountain).

2. Drumm worked for Belle Fountain as a Certified Nursing Assistant (CNA) in Riverview, Michigan.

3. Like the Putative Class Members (as defined below), Drumm regularly worked more than 40 hours in a week.

4. But Belle Fountain does not pay them for all the hours they worked.

5. Instead, Belle Fountain automatically deducts 30 minutes a day from these employees' work time for so-called meal breaks.

6. Drumm and the Putative Class Members are thus not paid for that time.

7.  But Belle Fountain fails to provide Drumm and the Putative Class Members with *bona fide* meal breaks.

8.  Instead, Belle Fountain requires Drumm and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

9.  Belle Fountain's auto-deduction policy violates the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA) by depriving Drumm and the Putative Class Members of overtime pay for all hours overtime hours worked.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court has general personal jurisdiction over Belle Fountain because Belle Fountain is domestic corporation.

12. Venue is proper because Belle Fountain maintains its headquarters in Riverview, Wayne County, Michigan, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

13. Drumm worked for Belle Fountain as a CNA in Riverview, Michigan from approximately August 2022 until March 2023.

14. Throughout her employment, Belle Fountain classified Drumm as non-exempt and paid her on an hourly basis.

15. Throughout her employment, Belle Fountain subjected Drumm to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

16. But Drumm never received *bona fide* meal breaks.

17. Drumm's written consent is attached as **Exhibit 1**.

18. Drumm brings this action on behalf of herself and other similarly situated hourly, non-exempt Belle Fountain employees who were subject to Belle Fountain's automatic meal break deduction policy.

19. Belle Fountain uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including their unpaid "meal breaks."

20. Thus, Belle Fountain uniformly deprives these employees of overtime wages for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

21. The FLSA Collective of similarly situated employees is defined as:

> **All hourly, non-exempt Belle Fountain employees who received an automatic meal period deduction at any time during the past 3 years ("Putative Class Members" or "Putative Class").**

22. Belle Fountain is a Michigan corporation that maintains its headquarters in Riverview, Michigan.

23. Belle Fountain is part of the Optalis Health network of rehabilitation and nursing facilities.[1]

24. Belle Fountain may be served with process by serving its registered agent: **Charles A. Dunn, 25500 Meadowbrook Road, Suite 230, Novi, Michigan 48372**, or wherever he may be found.

## COVERAGE UNDER THE FLSA

25. At all relevant times, Belle Fountain was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. At all relevant times, Belle Fountain was an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

27. At all relevant times, Belle Fountain was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cellphones, and personal protective equipment – that have been moved in or produced for commerce.

28. At all relevant times, Belle Fountain has had an annual gross volume of sales made or business done of not less than $500,000 each year.

---

[1] *See* https://www.optalishealthcare.com/belle-fountain-an-optalis-health-rehabilitation-center/ (last visited April 26, 2023).

29. At all relevant times, Drumm and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

30. Belle Fountain uniformly deducted 30 minutes/shift from Drumm's and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

31. As a result, Belle Fountain failed to pay Drumm and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

32. Belle Fountain's automatic meal break deduction policy, which deprives Drumm and the Putative Class Members of overtime compensation for the weeks in which these workers work over 40 hours, violates the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

33. Belle Fountain is "[a]n Optalis Health & Rehabilitation Center [that] specializes in post-acute rehabilitation and skilled nursing care following a hospital stay."[2]

34. Belle Fountain employs patient care workers, including Drumm and the Putative Class Members, to provide patient care services and treat the patients in its various facilities.

---

[2] https://www.optalishealthcare.com/belle-fountain-an-optalis-health-rehabilitation-center/ (last visited April 26, 2023).

35. Belle Fountain uniformly classifies these employees as non-exempt and pays them on an hourly basis.

36. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

37. For example, Drumm worked for Belle Fountain as a CNA at Belle Fountain's Belle Fountain facility in Riverview, Michigan from approximately August 2022 until March 2023.

38. As a CNA, Drumm's primary responsibilities included providing patient care to the patients and residents at Belle Fountain's rehabilitation and nursing facility, such as monitoring patients, tracking treatments and patient histories, feeding patients, dressing patients, turning patients, bathing patients, and assisting doctors and other patient care staff.

39. Throughout her employment, Belle Fountain classified Drumm as non-exempt and paid her on an hourly basis.

40. Throughout her employment, Belle Fountain subjected Drumm to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually received a *bona fide* meal break.

41. Drumm and the Putative Class Members performed their jobs under Belle Fountain's supervision, and using materials, equipment, and technology approved and supplied by Belle Fountain.

42. Belle Fountain requires Drumm and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

43. At the end of each pay period, Drumm and the Putative Class Members received wages from Belle Fountain that were determined by common systems and methods that Belle Fountain selected and controlled.

44. Belle Fountain requires its hourly, non-exempt employees, including Drumm and the Putative Class Members, to record their hours worked using Belle Fountain's timeclock system.

45. Further, Belle Fountain subjects its hourly, non-exempt employees, including Drumm and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

46. Specifically, Belle Fountain automatically deducts 30 minutes from Drumm's and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

47. But Belle Fountain fails to provide Drumm and the Putative Class Members with *bona fide* meal periods.

48. Instead, Belle Fountain requires Drumm and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

49. This unpaid time is compensable under the FLSA because Belle Fountain knew, or should have known, that (1) Drumm and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

50. Belle Fountain failed to exercise its duty to ensure Drumm and the Putative Class Members were not performing work that Belle Fountain did not want performed during their unpaid "meal breaks."

51. Despite accepting the benefits, Belle Fountain did not pay Drumm and the Putative Class Members for the compensable work they performed during their "meal breaks."

52. Thus, under Belle Fountain's uniform automatic meal break deduction policy, Drumm and the Putative Class Members are denied overtime pay for those on-

duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA.

53. Belle Fountain knows Drumm and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Belle Fountain expects and requires these employees to do so.

54. But Belle Fountain does not pay Drumm and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA.

55. Drumm worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

56. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

57. Indeed, Belle Fountain typically schedules Drumm and the Putative Class Members to work 8- to 12-hour shifts for 5 to 7 days a week.

58. And Drumm and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" to complete their job duties and patient care responsibilities.

59. As a result, Drumm and the Putative Class Members work in excess of 40 hours in a typical workweek.

60. When Drumm and the Putative Class Members work more than 40 hours in a workweek, Belle Fountain does not pay them overtime wages for all overtime hours worked due to Belle Fountain's failure to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

61. Belle Fountain knew, or should have known, it was subject to the FLSA, including its overtime provisions.

62. Belle Fountain knew, or should have known, the FLSA requires it to pay employees, including Drumm and the Putative Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

63. Belle Fountain knew, or should have known, Drumm and the Putative Class Members worked more than 40 hours in a week.

64. Belle Fountain knew, or should have known, Drumm and the Putative Class Members regularly worked during their unpaid meal breaks because Belle Fountain expected and required them to do so.

65. Belle Fountain knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA.

66. Belle Fountain knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Drumm and the Putative Class Members of overtime compensation in violation of the FLSA.

67. Nonetheless, Belle Fountain failed to pay Drumm and the Putative Class Members overtime wages for all hours these employees worked in excess of 40 hours in a workweek.

68. Belle Fountain's failure to pay Drumm and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

### COLLECTIVE ACTION ALLEGATIONS

69. Drumm brings her claims as a collective action under § 216(b) of the FLSA.

70. The Putative Class Members were victimized by Belle Fountain's pattern, practice, and/or policy of automatically deducting time from employees' recorded hours worked for "meal breaks" that are not *bona fide*, which is in willful violation of the FLSA.

71. Other Putative Class Members worked with Drumm and indicated they were paid in the same manner, performed similar work, and were subject to Belle Fountain's same automatic meal break deduction policy.

72. Based on her experiences with Belle Fountain, Drumm is aware Belle Fountain's illegal practices were imposed on the Putative Class Members.

73. The Putative Class Members are similarly situated in all relevant respects.

74. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

75. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

76. Rather, the Putative Class is held together by Belle Fountain's uniform automatic meal break deduction policy that systematically deprived Drumm and the Putative Class Members of overtime pay for all overtime hours worked in violation of the FLSA.

77. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

78. The back wages Belle Fountain owes Drumm and the Putative Class Members will be calculated using the same records and the same formula.

79. Drumm's experiences are therefore typical of the experiences of the Putative Class Members.

80. Drumm has no interests contrary to, or in conflict with, the Putative Class Members that would prevent collective treatment.

81. Like each Putative Class Member, Drumm has an interest in obtaining the unpaid overtime wages owed under federal law.

82. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

83. Absent a collective action, many Putative Class Members will not obtain redress for their injuries and Belle Fountain will reap the unjust benefits of violating the FLSA.

84. Further, even if some of the Putative Class Members could afford individual litigation against Belle Fountain, it would be unduly burdensome to the judicial system.

85. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

86. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

87. Among the common questions of law and fact are:

    a. Whether Belle Fountain engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA;

    b. Whether Belle Fountain's automatic meal break deduction policy deprived Drumm and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA;

  c. Whether Belle Fountain failed to pay Drumm and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks, in violation of the FLSA;

  d. Whether Belle Fountain knew, or had reason to know, Drumm and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the FLSA;

  e. Whether Belle Fountain's decision to not pay Drumm and the Putative Class Members overtime compensation for all overtime hours worked was made in good faith; and

  f. Whether Belle Fountain's violations of the FLSA were willful.

88. Drumm and the Putative Class Members sustained damages arising out of Belle Fountain's illegal and uniform employment policy.

89. Drumm knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

90. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Belle Fountain's records, and there is no detraction from the common nucleus of liability facts.

91. Therefore, the issue of damages does not preclude collective treatment.

92. Belle Fountain is liable under the FLSA for failing to pay overtime wages to Drumm and the Putative Class Members.

93. Consistent with Belle Fountain's illegal automatic meal break deduction policy, Drumm and the Putative Class Members were not paid overtime compensation for all hours they worked in excess of 40 hours in a workweek.

94. As part of its regular business practices, Belle Fountain intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Drumm and the Putative Class Members.

95. Belle Fountain's illegal automatic meal break deduction policy deprived Drumm and the Putative Class Members of the premium overtime wages they are owed under federal law.

96. Belle Fountain is aware, or should have been aware, that the FLSA requires it to pay Drumm and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

97. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

98. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

99. Those similarly situated employees are known to Belle Fountain, are readily identifiable, and can be located through Belle Fountain's business and personnel records.

## CAUSE OF ACTION
## VIOLATIONS OF THE FLSA

100. Drumm realleges and incorporates all other paragraphs by reference.

101. Drumm brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

102. Belle Fountain violated, and is violating, the FLSA by failing to pay Drumm and the Putative Class Members overtime compensation at rates not less than 1.5 these employees' regular rates of pay for all hours worked in excess of 40 in a workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

103. Throughout the relevant period, Belle Fountain automatically deducted 30 minutes/shift from Drumm's and the Putative Class Members' work time for so-called "meal breaks."

104. But throughout the relevant period, Belle Fountain expected and required Drumm and the Putative Class Members to remain on-duty and be available to work during their unpaid meal breaks.

105. Drumm and the Putative Class Members have been harmed as a direct and proximate result of Belle Fountain's unlawful conduct because they have been

deprived of wages owed for work that they performed and from which Belle Fountain derived a direct and substantial benefit.

106. Belle Fountain knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Drumm and the Putative Class Members overtime compensation for all overtime hours worked.

107. Belle Fountain's failure to pay Drumm and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

108. Accordingly, Drumm and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## JURY DEMAND

109. Drumm demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Drumm, individually and on behalf of the Putative Class Members, seeks the following relief:

    a.    An Order designating this action as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b)

       to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. An Order pursuant to Section 16(b) of the FLSA finding Belle Fountain liable for unpaid back wages due to Drumm and the Putative Class Members plus liquidated damages in amount equal to their unpaid compensation;

c. Judgment awarding Drumm and the Putative Class Members all unpaid overtime and other damages available under the FLSA;

d. An Order awarding attorney's fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Jennifer McManus*
    **Jennifer L. McManus (P65976)**
    Local Counsel for Plaintiff
**FAGAN MCMANUS, PC**
25892 Woodward Avenue
Royal Oak, Michigan 58067-0910
248-542-6300 – Telephone
jmcmanus@faganlawpc.com

**Michael A. Josephson**
TX Bar No. 24014780
**Andrew W. Dunlap**
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

| | |
|---|---|
| **William C. (Clif) Alexander\*** <br> TX Bar No. 24064805 <br> **Austin W. Anderson\*** <br> TX Bar No. 24045189 <br> **ANDERSON ALEXANDER PLLC** <br> 101 N. Shoreline Blvd., Suite 610 <br> Corpus Christi, Texas 78401 <br> 361-452-1279 – Telephone <br> 361-452-1284 – Facsimile <br> clif@a2xlaw.com <br> austin@a2xlaw.com | **Richard J. (Rex) Burch\*** <br> TX Bar No. 24001807 <br> **BRUCKNER BURCH PLLC** <br> 11 Greenway Plaza, Suite 3025 <br> Houston, Texas 77046 <br> 713-877-8788 – Telephone <br> 713-877-8065 – Facsimile <br> rburch@brucknerburch.com <br><br> *\*Pro hac vice applications forthcoming* |

Dated: April 27, 2023

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**