## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSICA DRUMM, Individually and for Others Similarly Situated, | ) ) ) | Case No.:  4:23-cv-10987-JJCG-CI |
| Plaintiff | ) ) | |
| v. | ) ) | Jury Trial Demanded |
| BELLE FOUNTAIN NURSING & REHABILITATION CENTER, INC., | ) ) ) | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S
## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.     Jessica Drumm (Drumm) brings this collective action to recover unpaid overtime and other damages from Belle Fountain Nursing & Rehabilitation Center, Inc. (Belle Fountain).

ANSWER:  The allegations in the paragraph state legal conclusions not factual allegations that can be admitted or denied and therefore all allegations in the paragraph are denied.  Defendant admits that Plaintiff purports to bring a collective action under 29 U.S.C. § 216(b) under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C § 207. Defendant denies that Plaintiff's claims have any merit or that she is entitled to any relief under the FLSA. Defendant further denies that this case can be maintained as a

class action because Plaintiff cannot establish the existence of each of the requirements under 29 U.S.C. § 216(b) and other relevant authority.

2.     Drumm worked for Belle Fountain as a Certified Nursing Assistant (CNA) in Riverview, Michigan.

ANSWER:  Defendant admits the allegations in this paragraph.

3.     Like the Putative Class Members (as defined below), Drumm regularly worked more than 40 hours in a week.

ANSWER: Defendant is without sufficient information to determine what Plaintiff means by "regularly" to admit or deny the allegations about how often Plaintiff (or any other proposed plaintiff) worked in this paragraph, and therefore denies this allegation.

4.     But Belle Fountain does not pay them for all the hours they worked.

ANSWER:  Defendant denies the allegations in this paragraph.

5.     Instead, Belle Fountain automatically deducts 30 minutes a day from these employees' work time for so-called meal breaks.

ANSWER:  Defendant denies the allegations in this paragraph.

6.     Drumm and the Putative Class Members are thus not paid for that time.

ANSWER:  Defendant denies the allegations in this paragraph.

7.     But Belle Fountain fails to provide Drumm and the Putative Class Members with *bona fide* meal breaks.

ANSWER:  Defendant denies the allegations in this paragraph.

8.      Instead, Belle Fountain requires Drumm and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

ANSWER:  Defendant denies the allegations in this paragraph.

9.      Belle Fountain's auto-deduction policy violates the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA) by depriving Drumm and the Putative Class Members of overtime pay for all hours overtime hours worked.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in this paragraph are denied. Defendant denies the remaining allegations in this paragraph.

### JURISDICTION & VENUE

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in this paragraph are denied.

11.     This Court has general personal jurisdiction over Belle Fountain because Belle Fountain is domestic corporation.

ANSWER:  At this time, Defendant does not dispute personal jurisdiction in this case.

12.    Venue is proper because Belle Fountain maintains its headquarters in Riverview, Wayne County, Michigan, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in this paragraph are denied.

## PARTIES

13.    Drumm worked for Belle Fountain as a CNA in Riverview, Michigan from approximately August 2022 until March 2023.

ANSWER:  Defendant admits the allegations in this paragraph.

14.    Throughout her employment, Belle Fountain classified Drumm as non-exempt and paid her on an hourly basis.

ANSWER:  Defendant admits the allegations in this paragraph.

15.    Throughout her employment, Belle Fountain subjected Drumm to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

ANSWER:  Defendant denies the allegations in this paragraph.

16.    But Drumm never received *bona fide* meal breaks.

ANSWER:  Defendant denies the allegations in this paragraph.

17.    Drumm's written consent is attached as **Exhibit 1.**

ANSWER:  Exhibit 1 is a document that speaks for itself and for which no admission or denial is required. Moreover, Defendant lacks sufficient knowledge to determine what Plaintiff has consented to, and therefore denies those allegations in this paragraph. To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

18.    Drumm brings this action on behalf of herself and other similarly situated hourly, non-exempt Belle Fountain employees who were subject to Belle Fountain's automatic meal break deduction policy.

ANSWER:   Defendant admits that Plaintiff purports to bring a collective-action claim under the FLSA. Defendant denies that it violated the FLSA Defendant denies the remaining allegations in this paragraph.

19.    Belle Fountain uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including their unpaid "meal breaks."

ANSWER:   Defendant denies the allegations in this paragraph.

20.    Thus, Belle Fountain uniformly deprives these employees of overtime wages for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

ANSWER:  To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. Defendant denies the remaining allegations in this paragraph.

21.    The FLSA Collective of similarly situated employees is defined as:

**All hourly, non-exempt Belle Fountain employees who received an automatic meal period deduction at any time during the past 3 years ("Putative Class Members" or "Putative Class").**

ANSWER:  The allegations in the paragraph contain legal conclusions, which cannot be admitted or denied, and therefore all allegations in the paragraph are denied. Answering further, Defendant denies that certification of a collective is appropriate.

22.     Belle Fountain is a Michigan corporation that maintains its headquarters in Riverview, Michigan.

ANSWER:  Defendant admits that it is a Michigan corporation. Defendant denies the remaining allegations in this paragraph.

23.     Belle Fountain is part of the Optalis Health network of rehabilitation and nursing facilities.[1]

ANSWER:  Defendant admits the allegations in this paragraph.

24.     Belle Fountain may be served with process by serving its registered agent:

**Charles A. Dunn, 25500 Meadowbrook Road, Suite 230, Novi, Michigan 48372**, or wherever he may be found.

ANSWER:  Defendant admits the allegations in this paragraph.

## COVERAGE UNDER THE FLSA

25.     At all relevant times, Belle Fountain was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

---

[1] *See* https://www.optalishealthcare.com/belle-fountain-an-optalis-health--rehabilitation-center/ (last visited April 26, 2023)

ANSWER:  The allegations in the paragraph contain legal conclusions, which cannot be admitted or denied, and therefore all allegations in the paragraph are denied.

26.    At all relevant times, Belle Fountain was an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

ANSWER:  The allegations in the paragraph contain legal conclusions, which cannot be admitted or denied, and therefore all allegations in the paragraph are denied.

27.    At all relevant times, Belle Fountain was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cellphones, and personal protective equipment – that have been moved in or produced for commerce.

ANSWER:  The allegations in the paragraph contain legal conclusions, which cannot be admitted or denied, and therefore all allegations in the paragraph are denied.

28.    At all relevant times, Belle Fountain has had an annual gross volume of sales made or business done of not less than $500,000 each year.

ANSWER:  Defendant admits the allegations in this paragraph.

29.    At all relevant times, Drumm and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

ANSWER:  The allegations in the paragraph contain legal conclusions, which cannot be admitted or denied, and therefore all allegations in the paragraph are denied.

30.    Belle Fountain uniformly deducted 30 minutes/shift from Drumm's and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

ANSWER:  Defendant denies the allegations in this paragraph.

31.    As a result, Belle Fountain failed to pay Drumm and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies the allegations in this paragraph.

32.    Belle Fountain's automatic meal break deduction policy, which deprives Drumm and the Putative Class Members of overtime compensation for the weeks in which these workers work over 40 hours, violates the FLSA. 29 U.S.C. § 207(a) & (e).

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies the allegations in this paragraph.

## THE FACTS

33.    Belle Fountain is "[a]n Optalis Health & Rehabilitation Center [that] specializes in post-acute rehabilitation and skilled nursing care following a hospital stay."[2]

ANSWER:  Defendant admits that this paragraph accurately quotes statements made at the following URL https://www.optalishealthcare.com/belle-fountain-an-optalis-health-rehabilitation-center/.

34.    Belle Fountain employs patient care workers, including Drumm and the Putative Class Members, to provide patient care services and treat the patients in its various facilities.

ANSWER:  Defendant denies that it employs Plaintiff. Defendant admits that it employs patient care workers to provide patient care services and treat patients. Defendant denies that this matter may be certified as a collective action and denies the remaining allegations in this paragraph.

35.    Belle Fountain uniformly classifies these employees as non-exempt and pays them on an hourly basis.

ANSWER: Defendant lacks sufficient knowledge to determine Plaintiff's meaning of the words "uniformly" and "these employees," and therefore denies those allegations in this paragraph. Defendant denies that this matter may be certified as a collective action and denies the remaining allegations in this paragraph.

---

[2] https://www.optalishealthcare.com/belle-fountain-an-optalis-health-rehabilitation-center/ (last visited April 26, 2023)

36.    While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

ANSWER: Defendant lacks sufficient knowledge to determine Plaintiff's meaning of "these employees," and therefore denies those allegations in this paragraph. Moreover, to the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies it engaged in any illegal pay practices.

37.    For example, Drumm worked for Belle Fountain as a CNA at Belle Fountain's Belle Fountain facility in Riverview, Michigan from approximately August 2022 until March 2023.

ANSWER:   Defendant admits it employed Plaintiff as a CNA in Riverview, MI from approximately August 2022 until March 2023 (see Answer No. 13).  Defendant denies the remaining allegations in this paragraph.

38.    As a CNA, Drumm's primary responsibilities included providing patient care to the patients and residents at Belle Fountain's rehabilitation and nursing facility, such as monitoring patients, tracking treatments and patient histories, feeding patients, dressing patients, turning patients, bathing patients, and assisting doctors and other patient care staff.

ANSWER:  Defendant admits the allegations in this paragraph.

39.     Throughout her employment, Belle Fountain classified Drumm as non-exempt and paid her on an hourly basis.

ANSWER:   Defendant admits the allegations in this paragraph.

40.     Throughout her employment, Belle Fountain subjected Drumm to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually received a *bona fide* meal break.

ANSWER:   Defendant denies the allegations in this paragraph.

41.     Drumm and the Putative Class Members performed their jobs under Belle Fountain's supervision, and using materials, equipment, and technology approved and supplied by Belle Fountain.

ANSWER:    Defendant admits that Plaintiff Drumm performed her jobs under the supervision of her managers at Belle Fountain.   Defendant lacks sufficient knowledge to determine Plaintiff's meaning of "materials, equipment, and technology approved and supplied by Belle Fountain," and therefore denies those allegations in this paragraph. Defendant denies that this matter may be certified as a collective action and denies any remaining allegations in this paragraph.

42.     Belle Fountain requires Drumm and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

ANSWER:  The allegations in the paragraph state legal conclusions not factual allegations that can be admitted or denied.  To the extent an answer is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

43.    At the end of each pay period, Drumm and the Putative Class Members received wages from Belle Fountain that were determined by common systems and methods that Belle Fountain selected and controlled.

ANSWER:  The allegations in the paragraph state legal conclusions not factual allegations that can be admitted or denied, and therefore all allegations in the paragraph are denied.  To the extent an answer is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

44.    Belle Fountain requires its hourly, non-exempt employees, including Drumm and the Putative Class Members, to record their hours worked using Belle Fountain's timeclock system.

ANSWER:  Defendant admits that Plaintiff Drumm recorded her hours using a time clock system.  Defendant denies that this matter may be certified as a collective action and denies the remaining allegations in this paragraph.

45.    Further, Belle Fountain subjects its hourly, non-exempt employees, including Drumm and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

46.    Specifically, Belle Fountain automatically deducts 30 minutes from Drumm's and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

47.    But Belle Fountain fails to provide Drumm and the Putative Class Members with *bona fide* meal periods.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

48.    Instead, Belle Fountain requires Drumm and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

49.    This unpaid time is compensable under the FLSA because Belle Fountain knew, or should have known, that (1) Drumm and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they

entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

50.    Belle Fountain failed to exercise its duty to ensure Drumm and the Putative Class Members were not performing work that Belle Fountain did not want performed during their unpaid "meal breaks."

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

51.    Despite accepting the benefits, Belle Fountain did not pay Drumm and the Putative Class Members for the compensable work they performed during their "meal breaks."

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

52.    Thus, under Belle Fountain's uniform automatic meal break deduction policy, Drumm and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

53.    Belle Fountain knows Drumm and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Belle Fountain expects and requires these employees to do so.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph

54.    But Belle Fountain does not pay Drumm and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

55.    Drumm worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

ANSWER:  Defendant admits the allegations in this paragraph.

56.    Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

ANSWER:  Defendant denies that this matter may be certified as a collective action and therefore denies the allegations in this paragraph.

57.     Indeed, Belle Fountain typically schedules Drumm and the Putative Class Members to work 8- to 12-hour shifts for 5 to 7 days a week.

ANSWER:  Defendant lacks sufficient knowledge to determine Plaintiff's meaning of "typically," and therefore denies the allegations in this paragraph.  To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

58.     And Drumm and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" to complete their job duties and patient care responsibilities.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

59.     As a result, Drumm and the Putative Class Members work in excess of 40 hours in a typical workweek.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

60.     When Drumm and the Putative Class Members work more than 40 hours in a workweek, Belle Fountain does not pay them overtime wages for all overtime hours worked due to Belle Fountain's failure to include time these employees worked

during their unpaid meal breaks in their total number of hours worked in a given workweek.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

61.    Belle Fountain knew, or should have known, it was subject to the FLSA, including its overtime provisions.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent the allegations imply that Defendant violated the FLSA.

62.    Belle Fountain knew, or should have known, the FLSA requires it to pay employees, including Drumm and the Putative Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

ANSWER:  The allegations in the paragraph state legal conclusions not factual allegations that can be admitted or denied, and therefore all allegations in the paragraph are denied.

63.    Belle Fountain knew, or should have known, Drumm and the Putative Class Members worked more than 40 hours in a week.

ANSWER:  The allegations in the paragraph state legal conclusions not factual allegations that can be admitted or denied, and therefore all allegations in the paragraph are denied.

64.     Belle Fountain knew, or should have known, Drumm and the Putative Class Members regularly worked during their unpaid meal breaks because Belle Fountain expected and required them to do so.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

65.     Belle Fountain knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies the allegations in this paragraph.

66.     Belle Fountain knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Drumm and the Putative Class Members of overtime compensation in violation of the FLSA.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

67.    Nonetheless, Belle Fountain failed to pay Drumm and the Putative Class Members overtime wages for all hours these employees worked in excess of 40 hours in a workweek.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

68.    Belle Fountain's failure to pay Drumm and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

ANSWER:  To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

## COLLECTIVE ACTION ALLEGATIONS

69.    Drumm brings her claims as a collective action under § 216(b) of the FLSA.

ANSWER:  To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant admits that Plaintiff purports to bring claims as a class action under 29 U.S.C. § 2l6(b).  Defendant denies

that this case can be certified as a collective action under 29 U.S.C. § 2l6(b) and other relevant authority.

70.     The Putative Class Members were victimized by Belle Fountain's pattern, practice, and/or policy of automatically deducting time from employees' recorded hours worked for "meal breaks" that are not *bona fide*, which is in willful violation of the FLSA.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

71.     Other Putative Class Members worked with Drumm and indicated they were paid in the same manner, performed similar work, and were subject to Belle Fountain's same automatic meal break deduction policy.

ANSWER: Defendant lacks sufficient knowledge to determine what any person has told Plaintiff, and therefore denies those allegations in this paragraph. Defendant denies that this matter may be certified as a collective action and denies the remaining allegations in this paragraph.

72.     Based on her experiences with Belle Fountain, Drumm is aware Belle Fountain's illegal practices were imposed on the Putative Class Members.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

73.    The Putative Class Members are similarly situated in all relevant respects.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

74.    Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

75.    Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

76.    Rather, the Putative Class is held together by Belle Fountain's uniform automatic meal break deduction policy that systematically deprived Drumm and the Putative Class Members of overtime pay for all overtime hours worked in violation of the FLSA.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

77. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

78. The back wages Belle Fountain owes Drumm and the Putative Class Members will be calculated using the same records and the same formula.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

79. Drumm's experiences are therefore typical of the experiences of the Putative Class Members.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph

are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

80.    Drumm has no interests contrary to, or in conflict with, the Putative Class Members that would prevent collective treatment.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

81.    Like each Putative Class Member, Drumm has an interest in obtaining the unpaid overtime wages owed under federal law.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

82.    A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

83.     Absent a collective action, many Putative Class Members will not obtain redress for their injuries and Belle Fountain will reap the unjust benefits of violating the FLSA.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

84.     Further, even if some of the Putative Class Members could afford individual litigation against Belle Fountain, it would be unduly burdensome to the judicial system.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

85.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

86.     The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

87.     Among the common questions of law and fact are:

(a)     Whether Belle Fountain engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA;

(b)     Whether Belle Fountain's automatic meal break deduction policy deprived Drumm and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA;

(c)     Whether Belle Fountain failed to pay Drumm and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks, in violation of the FLSA;

(d)     Whether Belle Fountain knew, or had reason to know, Drumm and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the FLSA;

(e)     Whether Belle Fountain's decision to not pay Drumm and the Putative Class Members overtime compensation for all overtime hours worked was made in good faith; and

(f)     Whether Belle Fountain's violations of the FLSA were willful.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

88.    Drumm and the Putative Class Members sustained damages arising out of Belle Fountain's illegal and uniform employment policy.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

89.    Drumm knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

ANSWER: Defendant lacks sufficient knowledge to determine Plaintiff's knowledge, and therefore denies those allegations in this paragraph. Defendant denies that this matter may be certified as a collective action and denies the remaining allegations in this paragraph.

90.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Belle Fountain's records, and there is no detraction from the common nucleus of liability facts.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

91.     Therefore, the issue of damages does not preclude collective treatment.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

92.     Belle Fountain is liable under the FLSA for failing to pay overtime wages to Drumm and the Putative Class Members.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

93.     Consistent with Belle Fountain's illegal automatic meal break deduction policy, Drumm and the Putative Class Members were not paid overtime compensation for all hours they worked in excess of 40 hours in a workweek.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph

are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

94.    As part of its regular business practices, Belle Fountain intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Drumm and the Putative Class Members.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

95.    Belle Fountain's illegal automatic meal break deduction policy deprived Drumm and the Putative Class Members of the premium overtime wages they are owed under federal law.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

96.    Belle Fountain is aware, or should have been aware, that the FLSA requires it to pay Drumm and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

ANSWER:  The allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied and Defendant denies that this matter may be certified as a collective action.

97.     There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

98.     This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

99.     Those similarly situated employees are known to Belle Fountain, are readily identifiable, and can be located through Belle Fountain's business and personnel records.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph

are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

## CAUSE OF ACTION
### VIOLATIONS OF THE FLSA

100.   Drumm realleges and incorporates all other paragraphs by reference.

ANSWER: Defendant restates and incorporates its responses to all other paragraphs by reference as if fully set forth herein.

101.   Drumm brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph are denied. To the extent a response is required, Defendant admits that Plaintiff purports to bring claims as a class action under 29 U.S.C. § 2l6(b).  Defendant denies that this case can be certified as a collective action under 29 U.S.C. § 2l6(b) and other relevant authority.

102.   Belle Fountain violated, and is violating, the FLSA by failing to pay Drumm and the Putative Class Members overtime compensation at rates not less than 1.5 these employees' regular rates of pay for all hours worked in excess of 40 in a workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

ANSWER: To the extent the allegations in the paragraph contain legal conclusions which cannot be admitted or denied, all such allegations in the paragraph

are denied. To the extent a response is required, Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

103. Throughout the relevant period, Belle Fountain automatically deducted 30 minutes/shift from Drumm's and the Putative Class Members' work time for so-called "meal breaks."

ANSWER: Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

104. But throughout the relevant period, Belle Fountain expected and required Drumm and the Putative Class Members to remain on-duty and be available to work during their unpaid meal breaks.

ANSWER: Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

105. Drumm and the Putative Class Members have been harmed as a direct and proximate result of Belle Fountain's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Belle Fountain derived a direct and substantial benefit.

ANSWER: Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

106. Belle Fountain knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Drumm and the Putative Class Members overtime compensation for all overtime hours worked.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

107.   Belle Fountain's failure to pay Drumm and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

108.   Accordingly, Drumm and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

ANSWER:  Defendant denies that this matter may be certified as a collective action and denies the allegations in this paragraph.

## JURY DEMAND

109.   Drumm demands a trial by jury.

ANSWER:  Although Plaintiff's Jury Demand contains no allegations of fact and, as such, does not require an admission or denial, Defendant violating the FLSA and denies that Plaintiff  is entitled to any relief from a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Drumm, individually and on behalf of the Putative Class

Members, seeks the following relief:

(a)　　An Order designating this action as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

(b)　　An Order pursuant to Section 16(b) of the FLSA finding Belle Fountain liable for unpaid back wages due to Drumm and the Putative Class Members plus liquidated damages in amount equal to their unpaid compensation;

(c)　　Judgment awarding Drumm and the Putative Class Members all unpaid overtime and other damages available under the FLSA;

(d)　　An Order awarding attorney's fees, costs, and expenses;

(e)　　Pre- and post-judgment interest at the highest applicable rates; and

(f)　　Such other and further relief as may be necessary and appropriate.

ANSWER:　Although Plaintiff's Relief Sought contains no allegations of fact

and, as such, does not require an admission or denial, Defendant denies that Plaintiff

is entitled to any relief, either as requested in Plaintiff's Relief Sought or otherwise.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative and other defenses without

assuming any burden of production or proof that they would not otherwise have

assumed.  Defendant further gives notice that it intends to rely upon such other and

further defenses as may become available or apparent during pretrial proceedings in this action, and hereby reserves its right to amend its Answer and assert such defenses consistent with applicable laws, Local Rules and orders of this Court.

## FIRST DEFENSE

Plaintiff's claims are barred in whole or in part for failure to state a claim on which relief can be granted, and should be dismissed.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrines of waiver, estoppel, and/or release.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrines of payment, setoff and/or recoupment.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because each Defendant did not fail to perform any applicable duty, express or implied, under FLSA.

## FIFTH DEFENSE

The FLSA's two-year statute of limitations applies, rather than its three-year statute of limitations, because Defendant did not willfully violate the FLSA. As such, portions of the time period referenced in Plaintiff's allegations are barred due to falling outside the statute of limitations.

### SIXTH DEFENSE

At all times, Defendant acted in good faith and with the reasonable belief that it was in full compliance with the FLSA; therefore, penalties and liquidated damages are not warranted.

### SEVENTH DEFENSE

Plaintiff cannot state a legally cognizable claim for liquidated damages because no evidence exists that Defendant acted with malice or reckless indifference to Plaintiff's rights, nor did Defendant act in a willful or wanton manner.

### EIGHTH DEFENSE

The purported claims made by Plaintiff and the alleged "FLSA Collective" on whose behalf Plaintiff purports to sue are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative collective members.

### NINTH DEFENSE

The alleged "FLSA Collective" cannot be certified under 29 U.S.C. § 216(b) because, *inter alia*, the putative collective, and purported collective representative and/or collective counsel (as applicable), fail to meet the similarly situated requirements for collective actions.

### TENTH DEFENSE

Plaintiff cannot satisfy the prerequisites of 29 U.S.C. § 216(b) because some or all of the claims of the Plaintiff and putative collective members are governed by the

terms of an applicable collective bargaining agreement.

### ELEVENTH DEFENSE

The purported claims made by Plaintiff and the alleged "FLSA Collective" on whose behalf Plaintiff purports to sue are precluded because Plaintiff failed to name necessary parties.

### TWELFTH DEFENSE

One or more claims may be barred by the doctrine of laches and/or by applicable limitations period(s).

### THIRTEENTH DEFENSE

Any time spent by Plaintiff and those allegedly similarly situated to her beyond their compensated workweek was de minimis.

### FOURTEENTH DEFENSE

Plaintiff's claims lack subject matter jurisdiction to the extent they are covered under an arbitration agreement with Defendant.

### FIFTEENTH DEFENSE

Any allegation not specifically admitted in this Answer is denied.

Dated: July 24, 2023           /s/ Christina M. Janice
                                        Christina M. Janice (P86372)
                                        BARNES & THORNBURG LLP
                                        171 Monroe Avenue, NW, Suite 1000
                                        Grand Rapids, MI  49503
                                        Telephone: 616.742.3940
                                        Fax: 616.742.3999
                                        Christina.janice@btlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2023 a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ Christina M. Janice
Christina M. Janice (P86372)
BARNES & THORNBURG LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, MI  49503
Telephone: 616.742.3940
Fax: 616.742.3999
Christina.janice@btlaw.com