UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JESSICA DRUMM, Individually and for Others Similarly Situated,**<br><br>v.<br><br>**BELLE FOUNTAIN NURSING & REHABILITIATION CENTER, INC.** | **Case No. 2:23-cv-10987-JJCG-CI** |

**JOINT MOTION FOR FLSA SETTLEMENT APPROVAL**

NOW COMES the parties, Plaintiffs Jessica Drumm and Amanda Antolak ("Plaintiffs") and Defendant Belle Fountain Nursing & Rehabilitation Center, Inc. ("Defendant" or "Belle Fountain") (collectively, the "Parties"), through their undersigned counsel, and file this Joint Motion for FLSA Settlement Approval. In support of this Joint Motion, the Parties state as follows:

1. This Joint Motion is filed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Parties' Settlement Agreement (attached as Exhibit 1).

2. This lawsuit is an FLSA collective action in which Drumm, on behalf of herself and allegedly others similarly situated alleges Belle Fountain did not

compensate her properly under the Act. Specifically, she alleges unpaid overtime wages for work performed during unpaid meal periods.

3. Antolak joined the lawsuit as a party plaintiff pursuant to 29 U.S.C. § 216(b).

4. Drumm and Antolak are the only plaintiffs in the lawsuit.

5. Following discovery, motion practice, and additional discovery efforts, the Parties engaged in settlement negotiations through their counsel in an effort to resolve Drumm's and Antolak's individual FLSA claims.

6. The Parties successfully negotiated the material terms of a settlement agreement to resolve Drumm's and Antolak's individual FLSA claims in a manner that would provide them with monetary amounts compensating them for FLSA damages allegedly owed (including alleged back wages and liquidated damages). The settlement does not affect any other potential plaintiffs or Belle Fountain employees/former employees besides Drumm and Antolak.

7. The settlement reached is based on a full understanding by the Parties of their respective positions and the risks/benefits to concluding this action as compared to continuing litigation.

8. The Parties jointly prepared a Settlement Agreement to include all material terms and conditions.

9. As a condition of the agreement, the Parties agreed Plaintiffs would be permitted to seek an award of attorneys' fees and costs/expenses in an amount to be determined by the Court through separate motion practice. Plaintiffs will file a motion for attorneys' fees and costs separately from this Joint Motion, and the Parties agree to abide by the Court's decision regarding the amount of reasonable attorneys' fees and costs/expenses to award Plaintiffs.

10. The Parties now seek the Court's approval of the Settlement Agreement.

11. Following the Court's approval of the settlement and a ruling on Plaintiffs' motion for reasonable attorneys' fees and costs, the Parties request the Court dismiss the lawsuit with prejudice.

12. The brief and Settlement Agreement filed with this Motion provide a fulsome understanding of the terms of the negotiated agreement between the Parties.

13. The Parties, who are represented by counsel, agree that the proposed Settlement Agreement represents a reasonable compromise of a bona fide dispute of Plaintiffs' FLSA claims.

WHEREFORE, the Parties, by their undersigned counsel, respectfully request the Court grant this Joint Motion and enter an Order approving the Settlement Agreement. Following such approval, and after the Court issues a ruling

on Plaintiff's motion for reasonable attorneys' fees and costs to award Plaintiffs' Counsel, the Parties request the Court dismiss the lawsuit with prejudice.

Respectfully and jointly submitted on March 31, 2025.

/s/ William M. Hogg*
Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
William M. Hogg
Texas Bar No. 24087733
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
whogg@mybackwages.com

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

Jennifer L. McManus (P65976)
**FAGAN MCMANUS PC**
25892 Woodward Avenue
Royal Oak, Michigan 58067-0910
248-542-6300 – Telephone
jmcmanus@faganlawpc.com

*Attorneys for Plaintiffs*

/s/ Christopher P. Rubey
Christopher P. Rubey (P85781)
**BARNES & THORNBURG LLP**
201 South Main Street, Suite 400
South Bend, IN 46637
(574) 237-1106
CRubey@btlaw.com

Mark W. Wallin
**BARNES & THORNBURG LLP**
One N. Wacker Dr., Suite 4400
Chicago, IL 60606
(312) 214-4591
Mark.Wallin@btlaw.com

Christina M. Janice (P86372)
**BARNES & THORNBURG LLP**
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan 49503
(616) 742-3940
Christina.Janice@btlaw.com

*Attorneys for Defendant Belle Fountain Nursing & Rehabilitation Center, Inc.*

\*   The filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **JESSICA DRUMM, Individually and for Others Similarly Situated,**<br><br>v.<br><br>**BELLE FOUNTAIN NURSING & REHABILITIATION CENTER, INC.** | Case No. 2:23-cv-10987-JJCG-CI |

## BRIEF IN SUPPORT OF JOINT MOTION FOR
## FLSA SETTLEMENT APPROVAL

The Parties, Plaintiffs Jessica Drumm and Amanda Antolak ("Plaintiffs") and Defendant Belle Fountain Nursing & Rehabilitation Center, Inc. ("Defendant" or "Belle Fountain"), (collectively, the "Parties") by their undersigned counsel, hereby file this Brief in support of their Joint Motion for Court Approval of FLSA Settlement Agreement and, following a ruling on Plaintiffs' concurrently-filed motion for attorneys' fees and costs, to dismiss the lawsuit with prejudice. The Parties' Settlement Agreement is attached hereto as **Exhibit 1**.

### Factual Background

Drumm filed this action on April 27, 2023, on behalf of herself and those allegedly similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq. See* Dkt. 1. Specifically, Drumm, a former

– 1 –

employee of Defendant, alleges unpaid overtime wages related to work allegedly performed during meal breaks. Antolak, another former employee of Defendant, joined the lawsuit as a party plaintiff on April 27, 2023, by filing her written consent to sue pursuant to 29 U.S.C. § 216(b).

No other current or former employees of Defendant joined the lawsuit during the pendency of this case. The Parties engaged in discovery, various motion practice related to discovery, and further discovery efforts following such motion practice before engaging in settlement discussions in earnest. The Parties reached an agreement to resolve Drumm's and Antolak's individual FLSA and related wage-and-hour claims. The settlement does not attempt to resolve any claims of Defendant's other current or former employees besides Drumm or Antolak (*i.e.*, it is not a class- or collective-wide settlement but is purely an individualized settlement). The settlement also provides that Plaintiffs are entitled to petition the Court for a reasonable award of attorneys' fees and costs separate from their individual settlement amounts. Plaintiffs will file a motion/petition for attorneys' fees and costs concurrently with this Joint Motion.

Defendant wholly denies the claims brought by Plaintiffs and asserts various defenses. In summary, Defendant states all employees were fully compensated for their work consistent with the requirements under the FLSA and Plaintiffs failed to

identify any compensable work activities for which they were not paid. Additionally, Defendant argues that it had a policy in place by which Plaintiffs and other hourly employees could inform Defendant of any compensable work activities in which they engaged during meal breaks that were not captured in their time clock record. By joining in this Motion, Plaintiffs neither admits nor concedes Defendant's positions with respect to the underlying merits of the claims.

While the Parties do not agree on the facts and disagree upon the degree of liability (if any) on the part of the Defendant, in evaluating and understanding the uncertainty and extensive cost of continued litigation, an amicable settlement was reached between the parties. The settlement was reduced to a Settlement Agreement. *See* **Exhibit 1**.

## Memorandum of Law

The Sixth Circuit has yet to rule definitively on the question, but appears to presume that as a general rule, claims under the FLSA "may not be settled without supervision of either the Secretary of Labor or a district court." *Cruz v. Don Pancho Mkt., LLC*, 2016 WL 4531142, at *2 (W.D. Mich. Aug. 23, 2016), citing *Lynn's Foods Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (other citations omitted). Some courts in the Sixth Circuit have recently disagreed with that approach, instead holding that court-approval of FLSA settlements are not required

and would be considered "advisory opinions." *See Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710, 721-22 (S.D. Ohio 2024). For purposes of this Motion, and in conformity with the Parties' agreement, the Parties presume the Court has the authority to review and approve an FLSA settlement.

Assuming approval is required, where a settlement of a Plaintiff's FLSA suit is a fair resolution of the issues, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. In determining whether to approve a settlement agreement, the reviewing Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*; *Smolinski v. Ruben & Michelle Enterprises Inc.*, No. 16-cv-13612, 2017 WL 835592, at *1 (E.D. Mich. Mar. 3, 2017). Courts therefore consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense and lengthy duration of the litigation; (3) the state of the proceedings; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the "public interest." *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 894–95 (6th Cir. 2019).[1]

---

[1] Courts also consider the "opinions of class counsel and class representatives," and the "reaction of absent class members". *Id.* Here, these factors need not be assessed given Plaintiffs and their counsel are jointly filing this motion and as such, obviously agree with the proposed Settlement Agreement. Further, there are no "absent" class members as this is an FLSA collective action, not a Rule 23

The Parties request the Court approve the Settlement Agreement because it constitutes a fair and reasonable resolution to this dispute.

**1.    There is no fraud or collusion behind the Settlement.**

The Parties have entered into the Settlement Agreement pursuant to an arm's-length negotiation between their respective counsel, not as the product of fraud or collusion. Both parties were represented by experienced counsel of their choosing.

Further, the Settlement Agreement provides Plaintiffs with an abundantly fair and proportioned amount of their disputed overtime wages. Indeed, the settlement awards for Drumm and Antolak provide them with monetary amounts that provide them with substantial amounts of their estimated FLSA damages. For Drumm, her settlement award provides her approximately 97.8% of her maximum estimated FLSA damages, including liquidated damages. For Antolak, her settlement award provides her approximately 104.5% of her maximum estimated non-liquidated FLSA damages. These are excellent results for a settlement.

---

class action, the settlement is purely in Plaintiffs' individual capacities and does not seek to resolve the claims of any potential opt-in plaintiffs or absent parties, and no court authorized notice was ever sought, approved, or disseminated. Even if notice was approved, an FLSA collective action would require Plaintiffs to opt-in to the lawsuit and acknowledge that they are bound by the adjudication of the lawsuit. Because this is a settlement of Plaintiffs' individual claims only, that is not an issue here.

As further evidence of the non-collusive nature of the settlement, the settlement awards for Plaintiffs are completely exclusive of attorneys' fees and costs, which are to be determined by the Court through separate, adversarial motion practice. The Parties' Settlement Agreement also eliminates the risks and costs of continued litigation (save for the motion for attorneys' fees and costs), which otherwise could result in the Plaintiffs obtaining no recovery. For all these reasons, the record supports a finding that the Agreement constitutes a fair and reasonable resolution to the lawsuit and that it is not indicative of fraud or collusion.

**2.     The complexity, expense, and duration of the litigation.**

The complexity, expense, and time associated with litigating this matter also significantly weighs in favor of this settlement. The litigation of the legal and factual issues underlying this wage-and-hour dispute have already required significant time and expense for all parties and will continue to do so if litigation drags on. The parties have entered in into a Settlement Agreement prior to any request for court authorized notice under 29 U.S.C. § 216 and/or *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023), and prior to taking any time-consuming or expensive depositions. Additional discovery (including discovery into whether potential opt-in plaintiffs are similarly situated under the *Clark* standard) and significant briefing would also still be required, incurring significant cost and expense

– 6 –

without a guaranteed winning result as an outcome. Moreover, if the Parties were required to move forward with trial preparation, additional costs would be incurred and it is likely this case would continue for many more months, if not years. For all these reasons, this proposed Settlement Agreement is a reasonable manner by which to minimize additional time, risks, and litigation costs.

3. **The state of the lawsuit's proceedings.**

As set forth above, the Parties engaged in motion practice focusing on discovery issues, as well as the exchange of written discovery, prior to entering into a Settlement Agreement.

The Parties used the information exchanged to evaluate their respective claims, defenses, and to run potential damages calculations for Drumm and Antolak in negotiating an informed and reasonable settlement of this lawsuit. Further still, the Parties have been able to enter into this agreement prior to additional *Clark*-related discovery, including depositions, which would significantly balloon the fees and costs associated with this matter. As such, resolution of the lawsuit at this stage in the proceedings points in favor of a fair and reasonable resolution.

4. **The probability of success and range of possible recovery.**

With respect to the probability of success and the range of possible recovery, the Parties acknowledge that their respective positions are complex, directly in

conflict with one another, and inherently uncertain due to factual disputes and legal theories.

Plaintiffs allege they performed compensable work activities during their thirty-minute meal breaks. Defendant argues that it has a policy in place that should have been utilized by Plaintiffs if they were unable to take a bona fide meal break or engaged in work activities during their meal breaks.

The Parties disagree on Plaintiffs' likelihood of success on the merits. Even assuming Plaintiffs' likelihood of success is high (which Defendant vigorously disputes), however, the amount of potential recovery at issue makes resolution of the case at this stage reasonable and sensible.

Based on Drumm's and Antolak's timekeeping and payroll records provided by Defendant, Drumm's maximum recoverable unpaid overtime wages were calculated as $1,534.09 and Antolak's maximum recoverable unpaid overtime wages were calculated as $478.50. Including allowable liquidated damages under 29 U.S.C. § 216(b), Drumm's maximum potential FLSA damages were $3,068.17 and Antolak's maximum potential FLSA damages were $957.00.

The settlement provides Drumm with $3,000 as a settlement award (*i.e.*, nearly 97.8% of her maximum possible FLSA damages) and provides Antolak with $500 as a settlement award (*i.e.* 104.5% of her non-liquidated FLSA damages or 52.3%

- 8 -

of her maximum FLSA damages).[2] Given the possibility Plaintiffs could have obtained nothing if they persisted with their claims, these are excellent results. Despite Defendant's denial of all of Plaintiff's claims and belief that Plaintiff is not entitled to any damages, Defendant supports this resolution and result because it eliminates the uncertainties, risks, and cost of further litigation and appeals.

Accordingly, this factor weighs in favor of approval of the Settlement Agreement.

**5.     The public interest.**

Courts have held that "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003). Courts have also found that enforcing the FLSA furthers an important interest in "encouraging employees and others to ensure that employers comply with laws governing employment." *Levan v. Sears, Roebuck & Co.*, 984 F. Supp. 2d 855, 871 (E.D. Tenn.

---

[2] The settlement award for Antolak was apportioned in this reduced manner because she only worked 8 workweeks within the limitations period and was estimated to have worked a maximum of 2.75 hours per workweek that would have been "off-the-clock," but she did not work over 40 hours every workweek. Thus, her liquidated damages portion was given a "discount" to account for her short tenure with Belle Fountain.

– 9 –

2013). Here, as in *Deja Vu Services*, this Settlement Agreement achieves both purposes, because it "puts an end to 'potentially long and protracted litigation'" while also providing Plaintiffs "wages and legal protections" under the FLSA. *Id.* 925 F.3d at 899. Thus, this factor also weighs in favor of approving the Settlement Agreement.

6. **Attorneys' fees and costs.**

Here, the Parties have agreed the amount of reasonable attorneys' fees and costs to be awarded under the Settlement Agreement should be determined by the Court through separate motion practice. Plaintiffs will file such a motion for fees and costs concurrently with this Joint Motion. The Parties have agreed to abide by the Court's decision with respect to the amount Belle Fountain should pay to Plaintiffs as reasonable attorneys' fees and costs.

7. **Conclusion.**

For the reasons stated above, the Parties request that the Court enter an Order granting their Joint Motion approving the Settlement Agreement, and, following resolution of Plaintiffs' concurrently filed motion for attorneys' fees and costs, dismissing the entire action with prejudice.

Respectfully and jointly submitted on March 31, 2025.

/s/ William M. Hogg*
Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
William M. Hogg
Texas Bar No. 24087733
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
whogg@mybackwages.com

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

Jennifer L. McManus (P65976)
**FAGAN MCMANUS PC**
25892 Woodward Avenue
Royal Oak, Michigan 58067-0910
248-542-6300 – Telephone
jmcmanus@faganlawpc.com

*Attorneys for Plaintiffs*

/s/ Christopher P. Rubey
Christopher P. Rubey (P85781)
**BARNES & THORNBURG LLP**
201 South Main Street, Suite 400
South Bend, IN 46637
(574) 237-1106
CRubey@btlaw.com

Mark W. Wallin
**BARNES & THORNBURG LLP**
One N. Wacker Dr., Suite 4400
Chicago, IL 60606
(312) 214-4591
Mark.Wallin@btlaw.com

Christina M. Janice (P86372)
**BARNES & THORNBURG LLP**
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan 49503
(616) 742-3940
Christina.Janice@btlaw.com

*Attorneys for Defendant Belle Fountain Nursing & Rehabilitation Center, Inc.*

\* The filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.